McIlvaine, J.
We think the courts below erred. The condition that the policy should be void if the building therein mentioned be “ vacated or left unoccupied ” was absolute. The parties to the contract were competent to make such stipulation. No fraud was practiced. No qualification to the condition in avoidance of the policy is found in the contract. The only question therefore which arises in the ease is, was the building vacated or left unoccupied ? It was insured as a dwelling-house. As a dwelling-house was it vacated ? On the facts this question must be answered in the affirmative. At the time of the fire the tenant had removed therefrom, and had ceased to occupy it,as a dwelling-house. The leaving behind the barrel of bran and coal-oil can, by the departing occupant, did not prevent the avoidance of the policy. The length of time elapsing after the vacation and before the fire is wholly immaterial. The cases relied upon as authority to the contrary by the defendant in error involved the construction of con *522 tracts materially different from this one. Here no construction or interpretation is needed ; the plain and unequivocal terms of the contract must be enforced.

Judgment reversed and cause dismissed.